**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4964**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

COREY DEWAYNE KERR,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:11-cr-00219-NCT-1)

———————

Submitted:  June 13, 2013          Decided:  September 23, 2013

———————

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Harvey Alexander Carpenter, IV, LAW OFFICES OF H.A. CARPENTER
IV, Greensboro, North Carolina, for Appellant.  Ripley Eagles
Rand, United States Attorney, Graham Tod Green, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Corey Dewayne Kerr pled guilty to maintaining a residence for the purpose of manufacturing or distributing cocaine base. Approximately six months later, Defendant moved to withdraw his plea, which the district court denied. Finding Defendant accountable for 2,414 grams of crack cocaine, the district court sentenced him to 240 months in prison. On appeal, Defendant argues that the district court erred by denying his motion to withdraw his plea and by finding him accountable for 2,414 grams of crack cocaine. For the reasons discussed below, we affirm.

I.

Following a law enforcement investigation of cocaine distribution in two North Carolina counties, Defendant was indicted for conspiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Seven months later, the government filed a bill of information further charging Defendant with maintaining three residences for the purpose of manufacturing or distributing cocaine base in violation of 21 U.S.C. §§ 856(a)(1) and (b). In a written plea agreement, Defendant agreed to plead guilty to maintaining a drug-involved residence in exchange for the dismissal of the conspiracy to distribute charge.

2

At Defendant's plea hearing, the district court conducted a Rule 11 plea colloquy during which it informed Defendant that his attorney could not, at that point, accurately calculate his sentencing guideline range. Later during the hearing, Defendant's attorney agreed that there was a factual basis for Defendant's plea, but noted that Defendant did not "agree to all of the time frames and [drug] quantities" alleged by the government's witness. J.A. 61. Defendant then pleaded guilty at the plea hearing.

Subsequently, Defendant sought to withdraw his guilty plea, alleging that his attorney mislead him into pleading guilty by failing to inform him about possible sentencing outcomes. Following a hearing, the district court found that Defendant was properly advised that his attorney could not correctly estimate his sentencing guidelines range before his guilty plea and that his actual sentence could be above or below that range. The court therefore denied Defendant's withdrawal motion.

At Defendant's sentencing hearing, several witnesses testified about receiving various amounts of crack cocaine from Defendant. Based on that testimony, the district court found Defendant accountable for 2,414 grams of crack cocaine. The court then sentenced Defendant to 240 months imprisonment.

On appeal, Defendant contends that the district court erred by denying his motion to withdraw his guilty plea. He further

3

argues that the district court erred by finding him accountable for 2,414 grams of crack cocaine.

## II.

### A.

Defendant first challenges the district court's denial of his motion to withdraw his guilty plea. We review the district court's denial of Defendant's motion for abuse of discretion. See United States v. Ubakanma, 215 F.3d 423, 424 (4th Cir. 2000).

A defendant may withdraw a guilty plea before sentencing if he can show a fair and just reason for requesting the withdrawal. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012); Fed. R. Crim. P. 11(d)(2)(B). A properly conducted Rule 11 guilty plea colloquy raises a strong presumption that the plea is final and binding. Id. at 384. When considering a withdrawal motion, courts typically consider (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and

4

waste judicial resources.  <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991).

Defendant contends that he would not have pled guilty if his attorney had properly advised him about the possible sentencing outcomes.  Because Defendant does not challenge the district court's Rule 11 colloquy, there is a strong presumption that Defendant's plea is valid and binding.  <u>See</u> <u>Nicholson</u>, 676 F.3d at 384.

Turning to the <u>Moore</u> factors, we conclude that they do not provide a fair and just reason for withdrawing Defendant's guilty plea.  Regarding the first and fourth factors, while Defendant argues that his attorney was ineffective, he has not offered credible evidence that his plea was unknowing or involuntary.  The district court told Defendant during his plea hearing that it would later determine his actual sentence, ranging from zero to twenty years, by applying federal sentencing laws.  Further, it told Defendant that "there is no way anybody today can accurately calculate whatever your Federal Sentencing Guideline Range may eventually be . . . . Your lawyer may be right, but he or she may be way off. . . . [I]f anybody has suggested you're going to receive a sentence of whatever, understand that's just an estimate."  J.A. 56-57.  As to the remaining relevant factors, they do not favor Defendant: Defendant has not asserted his legal innocence and he filed his

withdrawal motion approximately six months after his guilty plea. Accordingly, we conclude that the district court did not abuse its discretion by denying Defendant's motion to withdraw his guilty plea.

B.

Defendant next contends that the district court erred by finding him accountable for 2,414 grams of crack cocaine.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). Under this standard, we first ensure that the district court committed no significant procedural error, such as improperly calculating the Sentencing Guidelines range. Id. In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). If a sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. Gall, 552 U.S. at 51.

For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence. United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). The district court is afforded broad discretion as to what information to credit in making its drug

6

quantity calculations. <u>United States v. Cook</u>, 76 F.3d 596, 604 (4th Cir. 1996). When the drug quantity is not proven by actual seizures or comparable direct evidence, the sentencing court may approximate the quantity. <u>Bell</u>, 667 F.3d at 441. While courts can rely on lay witness testimony as to the drug quantity, courts should sentence at the low end of the witness's range if the witness's approximation is uncertain. <u>Id.</u>

At his sentencing hearing, Defendant testified that he sold approximately 90 grams of crack cocaine during the relevant time period. But the government's three witnesses testified that Defendant sold them in excess of a total of 3,000 grams of crack cocaine during that time. The district court believed the government's witnesses and disbelieved Defendant's testimony. Moreover, in calculating the drug amount attributable to Defendant, the district court "gave [Defendant] the benefit" where the witnesses testified to a drug quantity range. J.A. 263. Given these facts, we cannot conclude that the district court clearly erred by finding him accountable for 2,414 grams of crack cocaine.

## III.

For the foregoing reasons, we affirm Defendant's conviction and sentence.

<u>AFFIRMED</u>

7